11-2235-cr
United States v. Daniel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of June, two thousand fourteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                              No. 11-2235-cr

GINETTE DANIEL,
                    *Defendant-Appellant*,

JEAN DORMEZIL,
                    *Defendant.*[*]
------------------------------------------------------------------------
APPEARING FOR APPELLANT:   DANIEL M. PEREZ, ESQ., Newton, New Jersey.

APPEARING FOR APPELLEE:    SARITHA KOMATIREDDY (L. Adriana Lopez, Special Assistant United States Attorney,

---
[*] The Clerk of Court is directed to amend the official caption as shown above.

1

Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 26, 2011, is AFFIRMED.

Defendant Ginette Daniel, who stands convicted on multiple substantive and conspiratorial crimes relating to cocaine importation and trafficking, see 21 U.S.C. §§ 841(b)(1)(B), 846, 952(a), 963, argues that she was denied a fair trial by the district court's questioning of three defense witnesses, including Daniel herself. We ordinarily review such a claim for abuse of discretion, see United States v. Jackson, 658 F.3d 145, 150 (2d Cir. 2011), but because Daniel did not object to the district court's inquiries, our review is limited to plain error, see United States v. Marcus, 560 U.S. 258, 262 (2010) (requiring showing of (1) error; (2) that is clear or obvious; (3) affecting substantial rights, which in ordinary case means affecting outcome of district court proceedings; and (4) seriously affecting fairness, integrity, or public reputation of judicial proceedings). In conducting such review, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A trial judge has an "active responsibility to insure that issues are clearly presented to the jury." United States v. Pisani, 773 F.2d 397, 403 (2d Cir. 1985); accord United States v. Jackson, 658 F.3d at 150–51. "[T]he questioning of witnesses by a trial judge, if for a proper purpose such as clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings, is well within that responsibility." United States v. Pisani, 773 F.2d at 403; see also Fed. R. Evid. 614(b) (permitting district court to question any witness). We will thus not vacate a defendant's conviction because of district court questioning unless the judge (1) "step[ped] across the line and bec[a]me an advocate for one side," United States v. Messina, 131 F.3d 36, 39 (2d Cir. 1997) (internal quotation marks omitted), or (2) "so impressed the jury with [his] partiality to the prosecution that this became a factor in determining the defendant's guilt," United States v. Pisani, 773 F.2d at 402. Accordingly, we do not ask whether "the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial." United States v. Pisani, 773 F.2d at 402.

Here, we do not identify plain error in the district court's questioning of the defense witnesses. As to Daniel and Yolanda Painson, the district court questioned these witnesses' need for an interpreter only after they had expressed some familiarity with English. For instance, Painson stated that she was "fluent" in English, and Daniel, who testified after four of her relatives had done so without an interpreter, affirmed that she

3

understood English. A. 124, 127. In such circumstances, even if the district court's inquiries as to these witnesses' professed need for an interpreter implicated their credibility, we cannot conclude that it was plain error in the absence of demonstrated antipathy to the witnesses' other testimony, which is not evident here. See United States v. Messina, 131 F.3d at 40 (identifying no plain error absent indication that district court "displayed any antipathy toward [defendant's] testimony that went beyond judicial skepticism" (internal quotation marks omitted)); cf. United States v. Filani, 74 F.3d 378, 385–86 (2d Cir. 1996) (identifying plain error where district court "targeted the defendant's credibility and challenged his story more in the manner of a prosecutor than an impartial judge" and thus "demonstrated its disbelief of defendant's testimony").

In urging otherwise, Daniel asserts that the district court's elicitation of the fact that she is not a United States citizen was "grossly improper and highly prejudicial." Appellant's Br. 36. We disagree. Even though it would have been better not to have inquired before the jury as to citizenship, we will not remand for a new trial unless the conduct was "so prejudicial" that it denied Daniel a fair trial. United States v. Pisani, 773 F.2d at 402. We identify no such prejudice here, a conclusion reinforced by defense counsel's failure to object or to request a contemporaneous curative instruction. See generally United States v. Walker, 191 F.3d 326, 337 (2d Cir. 1999) (stating that absence of contemporaneous objection indicates that conduct did not affect trial in manner disadvantageous to defendant).

4

The same conclusion obtains as to the district court's questioning of Emily Tanhueco. Because Tanhueco's description of a "sou-sou," a type of private savings group, was vague and unclear, see A. 120 ("Everybody would put in money every week. The first hand, somebody would take that money. Then the second hand, somebody, would all give money every week and then the second hand after six weeks, somebody else would get the whole amount. Everybody would get the same amount."), the district court acted within its discretion in posing clarifying questions to aid the jury's understanding. Such conduct did not manifest improper bias. See United States v. Jackson, 658 F.3d at 150 (rejecting challenge to district court's questions that "sought clarifications, and did not suggest bias in favor of the government"); cf. United States v. Victoria, 837 F.2d 50, 54 (2d Cir. 1988) (identifying error where district court's questions "reveal[ed] interrogation in the nature of cross-examination challenging the credibility of the witnesses").

Daniel argues nevertheless that the district court's statements professing "confusion" as to Tanhueco's description of a "sou-sou," A. 119–20, discredited Daniel's argument that the $8,000 she possessed at the time of arrest was to make a "sou-sou" payment, not for the purchase of cocaine. We are not persuaded that these comments denied Daniel a fair trial. First, defense counsel's failure to object or request a curative instruction indicates that any prejudice was minimal. See United States v. Walker, 191 F.3d at 337. Second, other witnesses had previously testified without interruption about the operation of a "sou-sou," reducing any doubt that might have been cast on the defense

5

theory.  Third, the district court not only charged the jury that it was the sole judge of the facts, but also repeatedly instructed that the court had no opinion as to how the jury should resolve the case.  See A. 167 (instructing that (1) district court did not "mean to indicate any opinion as to the facts or what your verdict should be," (2) trial rulings "are not any indication of [court's] views of what your decision should be," and (3) "what [court] say[s] is not evidence").  Such complete instructions have satisfactorily guarded against prejudice in more troublesome circumstances than those present here.  See United States v. Manko, 979 F.2d 900, 906–08 (2d Cir. 1992) (rejecting challenge in part because court properly instructed jury on its role even though district court "explicitly and repeatedly endorsed" government's position such that its "breach of impartiality" was of "grave concern").  Moreover, the district court's professed "confusion" as to witness testimony did not so convey a partisan view of the case as to raise the concern that it could not be eliminated simply by charging the jury that it was the sole judge of facts.  See United States v. Filani, 74 F.3d at 386.

Accordingly, as we identify no plain error warranting vacatur, Daniel's fair trial challenge fails on the merits.

6

We have considered Daniel's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court